IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CONNIE HUGHES                                                                                    PLAINTIFF

vs.                                              Civil No. 2:17-cv-02193

NANCY A. BERRYHILL                                                                       DEFENDANT
Acting Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Connie Hughes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's

determination be **AFFIRMED.**

1.      **Background:**

Plaintiff protectively filed her DIB and SSI applications on September 8, 2015.  (Tr. 87).  In

these applications, Plaintiff alleges being disabled due to bipolar, hip and back pain, diabetes,

migraines, high blood pressure, kidney issues, obesity, right shoulder pain   (Tr. 360).  Plaintiff

alleges an onset date of March 27, 2014. (Tr. 87).  These applications were denied initially and again

upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on February 1, 2016. (Tr. 274-275). Plaintiff's administrative hearing was held on September 22, 2016. (Tr. 106-136). At this hearing, Plaintiff was present and was represented by Michael Hamby. *Id.* Plaintiff and Vocational Expert ("VE") Jim B. Spragins testified at this hearing. *Id.* At this hearing, Plaintiff was forty-seven (47) years old and had a high school education (Tr. 113).

On November 2, 2016, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 87-99). In this decision, the ALJ found Plaintiff met the insured status of the Act through December 31, 2014. (Tr. 89, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since March 27, 2014. (Tr. 89, Finding 2).

The ALJ next found Plaintiff had severe impairments that included degenerative disc disease of the back, bilateral shoulder pain, migraine headaches, diabetes, essential hypertension, obesity, affective disorder, and intellectual disability. (Tr. 89, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 90, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 93-97, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, except could occasionally reach overhead bilaterally; could perform work where interpersonal contact is incidental to the work performed; and limited to work where the complexity of tasks is learned and performed by rote, with few variables and little judgment; and the required supervision is simple, direct and concrete. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 97, Finding 6). The ALJ found Plaintiff was unable to perform any PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 98, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as price marker with approximately 4,300 such jobs in Arkansas and 496,000 such jobs in the nation, molding machine tender with approximately 2,400 such jobs in Arkansas and 168,000 such jobs in the nation, and poultry plant production worker with approximately 2,400 such jobs in Arkansas and 51,000 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from March 27, 2014 through the date of the decision. (Tr. 99, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 326-329). On September 29, 2017, the Appeals Council denied this request for review. (Tr. 1-7). On November 18, 2017, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel,* 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff argues the ALJ erred in the RFC determination. ECF No. 14,

Pgs. 2-5. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 15.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required

to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must

be based on medical evidence that addresses the claimant's ability to function in the workplace. *See*

*Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence

in the record' in determining the RFC, including 'the medical records, observations of treating

physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,*

377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.

*See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for

ensuring there is "some medical evidence" regarding the claimant's "ability to function in the

workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir.

2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination

is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860,

862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work, specifcally finding Plaintiff could occasionally reach overhead bilaterally; could perform work where interpersonal contact is incidental to the work performed; and Plaintiff was limited to work where the complexity of tasks is learned and performed by rote, with few variables and little judgment; and the required supervision is simple, direct and concrete. (Tr. 93). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 14, Pgs. 2-5. However, substantial evidence supports the ALJ's RFC determination.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not referenced any specific limitations the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing his limitations. Plaintiff has the burden of demonstrating her alleged limitations. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000). Without more, the Court cannot find the ALJ erred in assessing her RFC. The mere fact Plaintiff suffers from a number of different impairments does not demonstrate she is disabled due to those impairments.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

4.    **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 6th day of December 2018.

/s/ *Barry A. Bryant*

HON.   BARRY   A.   BRYANT
U.S. MAGISTRATE JUDGE